**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEVIN CURTIS,<br><br>Plaintiff,<br><br>v.<br><br>UNKNOWN LOPEZ, *et al.*,<br><br>Defendants. | No. 26-10022 (EP) (SDA)<br><br>**MEMORANDUM ORDER APPOINTING PRO BONO COUNSEL** |

**PADIN, District Judge.**

*Pro se* Plaintiff Devin "Kira" Curtis, a New Jersey pretrial detainee at Bergen County Jail in Hackensack, New Jersey, has submitted a civil rights complaint in which she alleges retaliation by Defendants in violation of the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-1 *et seq*. D.E. 1 ("Complaint") at 3-5. Plaintiff also filed a motion to appoint pro bono counsel, D.E. 2 ("Motion to Appoint Counsel").

It is well established that district courts must liberally construe *pro se* pleadings, a directive that includes identifying a cause of action even if the plaintiff does not. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court construes the Complaint as alleging that Defendants are retaliating against Plaintiff for filing a lawsuit, in violation of her rights under the First Amendment. See *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (holding claim by pretrial detainee alleging retaliation for the exercise of First Amendment rights is cognizable).

Pursuant to 28 U.S.C. § 1915A, this Court has screened the Complaint for *sua sponte* dismissal of claims against government actors that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, and determined that the Complaint may proceed past screening. There is a $350 filing fee and

a $55 administrative fee for filing a civil action in the District of New Jersey. 28 U.S.C. § 1914(a)-(b); L. Civ. R. App'x K, Schedule of Fees. Plaintiff did not pay the filing and administrative fees. Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L. Civ. R. 5.1(f).

Local Civil Rule 5.1(f) states, "[a]ny papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked 'received' and the date and time of receipt shall be noted thereon."

If, however, a plaintiff is unable to afford the filing fee, she may alternatively submit an application to proceed *in forma pauperis* ("IFP application") under 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(a):

> . . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff has not paid the filing fee. Although Plaintiff submitted an IFP application, D.E. 1-1, the application does not include a certified inmate trust account statement. Nevertheless, this Court "has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *accord Folk v. Santiago*, No. 23-21202, 2025 WL 1823089, at *3 (D.N.J. July 2, 2025) (screening the complaint despite denial

of the plaintiff's IFP application). Exercising that discretion, and accepting Plaintiff's allegations of retaliation as true, the Court will defer a determination of whether Plaintiff will be granted IFP status and permit the Complaint to **PROCEED** past screening without delay.

District courts have discretion to appoint pro bono counsel to indigent civil litigants. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); 28 U.S.C. § 1915(e)(1). On August 17, 2026, Judge Stacey D. Adams denied the Motion to Appoint Counsel *without prejudice* pending resolution of Plaintiff's IFP application. D.E. 5. In light of the screening determination above, however, the Court concludes that appointment is warranted at this stage. Plaintiff's difficulty in pursuing this matter from the confines of a county jail and her allegations that she has been denied access to a tablet for sending grievances and requests within the jail weigh in favor of appointment of *pro bono* counsel at this early stage of the proceeding. Plaintiff shall have **30 days** following the appointment of pro bono counsel to pay the filing fee or submit a properly completed IFP application to avoid dismissal of this action without prejudice for failure to prosecute.

Accordingly,

**IT IS** on this 26th day of August, 2026,

**ORDERED** that the Complaint, in its entirety, may **PROCEED** past screening under 28 U.S.C. § 1915A(b), and the Clerk shall file the Complaint; and it is further

**ORDERED** that, to avoid potential dismissal of this action without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b), Plaintiff shall, within **30 days** of the appointment of pro bono counsel, either: (1) submit a properly completed IFP application under 28 U.S.C. § 1915(a) or (2) pay the $405 civil filing and administrative fees, pursuant to 28 U.S.C. § 1914(a)-(b) and L. Civ. R. App'x K; and it is further

**ORDERED** that the Clerk shall send Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" DNJ-Pro Se-007-A-(Rev.12/2023); and it is further

**ORDERED** that Plaintiff's request for pro bono counsel, D.E. 2, is **GRANTED** pursuant to 28 U.S.C. § 1915(e)(1); and it is further

**ORDERED** that the Clerk shall select an attorney for appointment from the Civil Pro Bono Panel;[1] within **14 days** of appointment, pro bono counsel shall enter an appearance in this matter; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

Evelyn Padin, U.S.D.J.

---

[1] Appointment of pro bono counsel shall first be offered to Marc D. Haefner, Esq., who represents Plaintiff in a related matter, *Curtis v. Cureton*, No. 26-6001.